UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DWIGHT R. MCDOWELL,**

   **Plaintiff,**

vs.              Case No. 6:07-cv-838-Orl-19KRS

**ALBERTO E. LUGO-JANER,**

   **Defendant.**

## ORDER

This case comes before the Court on the following:

1. Report and Recommendation [to Dismiss With Prejudice and Deny the Motion to Proceed *In Forma Pauperis*], filed by United States Magistrate Judge Karla R. Spaulding on June 5, 2007; (Doc. No. 12); and

2. Plaintiff's Notice of Filing Objections to the Proposed Findings and Recommendations of This Honorable Court, filed by Plaintiff Dwight R. McDowell on July 12, 2007. (Doc. No. 13).

### Background

Plaintiff Dwight R. McDowell filed the instant action on May 18, 2007. (Doc. No. 1). On May 30, 2007, the Court dismissed without prejudice Plaintiff's complaint for failing to allege a basis for federal jurisdiction and venue. (Doc. No. 8). Plaintiff filed an Amended Complaint on June 4, 2007 with a renewed motion to proceed without prepayment of fees. (Doc. Nos. 10 & 11).

In the Amended Complaint, Mr. McDowell alleges that his wife previously filed a medical malpractice case in Florida state court. (Doc. No. 10, p. 5). The defendant in that case was represented by attorney Alberto E. Lugo-Janer, the Defendant in the present action. (*Id*.) Plaintiff in the instant case alleges that in the medical malpractice action, Mr. Lugo-Janer advised his client, the defendant in the malpractice action, that if he lost the case he should transfer all of his assets and never pay the judgment amount. (*Id*. at 6).

Thereafter, a jury awarded damages in the amount of approximately $600,000.00. (*Id*.) Plaintiff indicates that the judgment was awarded to him, but he does not clearly state whether he was actually a party to his wife's action. (*Id.*) Thus, it is unclear whether the court awarded $600,000 to Mrs. McDowell, individually, or whether the figure encompasses awards to both Mr. and Mrs. McDowell.

An appeal was filed, but the judgment was affirmed by a Florida state appellate court. (*Id*.) Afterwards, Defendant's client sold his medical practice and moved to Texas without paying the judgment, allegedly at Defendant's advice. (*Id*.) Thus, Plaintiff contends that as a result of Defendant's advice to his client, Plaintiff's family did not receive any money from the award. (*Id*.) Plaintiff is seeking remedy under a number of Florida statutes and the Florida Constitution. (*Id*. at pp. 2, 7-8). Plaintiff further alleges that he is a citizen of the United States and Defendant is "a native of the country Puerto Rico that is considered by our Laws a U.S. Colony or U.S. Commonwealth." (*Id*. at p. 3).

On July 5, 2007, the United States Magistrate Judge filed a Report and Recommendation that the instant case be dismissed with prejudice and that Plaintiff's Motion to proceed *in forma pauperis* ("IFP") be denied. (Doc. No. 12, p. 7). The Magistrate

Judge found that Plaintiff had again failed to demonstrate that federal jurisdiction was proper. (*Id.*)  Plaintiff timely filed an Objection to the R&R on July 12, 2007.  (Doc. No. 13).

## Standard of Review

In order to challenge the findings and recommendations of a United States Magistrate Judge, a party must file written objections which must specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. *E.g., Macort v. Prem, Inc.*, No.06-12316, 2006 WL 3473734 (11th Cir. Nov. 20, 2006).  Where, as here, this condition is met, the District Court Judge must make a *de novo* determination of those portions of the Report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *E.g. Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989).  When conducting *de novo* review, the District Court's consideration of the factual issues must be independent and based upon the record before the Court. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

For the purposes of a motion to dismiss as well as dismissals under Section 1915(e)(2)(B), the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that can be drawn from the allegations. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. *Fed R.*

*Civ. P.* 12(b); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). *Pro se* pleadings are held to a less stringent standard than pleadings drafted by counsel. *E.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, Plaintiff's right to self-representation does not exempt him from complying with relevant procedural rules or allow the Court to rewrite a deficient pleading in order to sustain an action. *See, e.g., GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

**Analysis**

Plaintiff raises three specific objections to the Report and Recommendation, none of which demonstrates any error on the part of the United States Magistrate Judge. Accordingly, the Court will adopt the recommendation of the Magistrate Judge to dismiss the Amended Complaint and deny Plaintiff's Motion to proceed IFP. However, as Plaintiff is appearing *pro se* in this action, and binding case law cautions the Court to allow liberal amendment of pleadings, particularly when *pro se* litigants are involved, the Court will dismiss the Amended Complaint without prejudice and grant Plaintiff one additional opportunity to submit a complaint which demonstrates a basis for jurisdiction in this Court.

Plaintiff argues that the Report and Recommendation should not have recommended dismissal for three reasons. First, Plaintiff argues that Defendant is actually liable in the instant case. (Doc. No. 13, p. 1). This argument is without merit. The actual liability of a party does not bear on whether this Court has subject matter jurisdiction over the dispute.

*See Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994) (requiring courts to determine whether subject matter jurisdiction exists before addressing the merits of a case).  Rather, subject matter jurisdiction is a constitutional and statutory requirement that rests on the type of dispute before the court.  *See* 28 U.S.C. §§1331-32 (2007)(conferring subject matter jurisdiction on disputes that implicate diversity of citizenship or questions of federal law).

Next, Plaintiff argues that the Court has diversity jurisdiction because Plaintiff is a citizen of Florida and Defendant is a citizen of Puerto Rico.  (*Id*. at p. 2).  However, in the Amended Complaint, Plaintiff failed to allege these facts, stating only that he was a natural-born American and that Defendant was a native of Puerto Rico.  (Doc. No. 10, p. 3).  Plaintiff's allegation of national origin does not establish diversity jurisdiction under 28 U.S.C. Section 1332 because he has failed to allege that he citizen of a state and that the defendant is a citizen of a different state or subject of a foreign state.  Thus, the Magistrate Judge was correct in finding that Plaintiff failed to properly allege diversity of citizenship between the parties.

Lastly, Plaintiff argues that the Florida Uniform Fraudulent Transfers Act provides the Court with the inherent authority to hear this case.[1]  However, as noted by the Magistrate Judge, Florida statutes cannot independently create federal question jurisdiction, and

---

[1] Plaintiff includes with this argument inappropriate language of a demeaning nature toward Defendant's ethnic background.  (Doc. No. 13, pp. 3-4).  The Court cautions Plaintiff that further use of inappropriate language in submissions to the Court may result in sanctions, including but not limited to dismissal of the instant action.  *See, e.g.,* Local Rule 5.03(b)(7) (stating, *inter alia*, that participants should avoid disparaging personal remarks).  Plaintiff is further admonished that sanctions may be imposed pursuant to Federal Rule of Civil Procedure 11 on a litigant who asserts allegations known to be untrue.

Plaintiff has failed to properly allege diversity. (Doc. No. 12, p. 4). For these reasons, Plaintiff's objections are not well taken.

The Report and Recommendation recommends dismissing the instant case with prejudice. However, Plaintiff appears *pro se* in the instant case and has made a good faith effort in the Amended Complaint to conform to federal pleading standards by including a jurisdiction and venue section. *See, e.g., Middleton v. City of Lakeland*, 830 F.Supp. 1449, 1453-54 (M.D. Fla. 1993) (denying request to dismiss *pro se* plaintiff's amended complaint with prejudice due to the less stringent standards for *pro se* litigants). In the interests of justice, the Court will permit Plaintiff one additional opportunity to file an amended complaint that sufficiently alleges subject matter jurisdiction.

Although not addressed in the Magistrate Judge's Report and Recommendation, Plaintiff may also lack standing to sue in this case. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005); *E.F. Hutton & Co. v. Hadley*, 901 F.2d 979, 984-85 (11th Cir. 1990). To show standing, Plaintiff must satisfy a two-part framework. *Hadley*, 901 F.2d at 984. First, Plaintiff must satisfy the constitutional requirements of standing by demonstrating that (1) he suffered an actual injury, (2) the injury is traceable to Defendant's unlawful conduct, and (3) the requested relief will redress Plaintiff's injury. *Id.* Second, Plaintiff must overcome any applicable "prudential" considerations which discourage the Court from considering cases involving (1) the assertion of a third party's rights, (2) allegations of generalized grievances rather than a injury particular to the litigant, and (3) the assertion of an injury outside the zone of interests of a statute or constitutional provision. *Id.* at 984-85.

Plaintiff does not allege that he was entitled to an individual award in his wife's malpractice case, a fact that bears on his standing to sue Mr. Lugo-Janer for aiding in the alleged fraudulent conveyance. Federal courts generally will not find standing where a party is asserting a third-party's rights. *Hadley*, 901 F.2d at 985. If Plaintiff is actually asserting his wife's right to collect her award from the medical malpractice case, then he must demonstrate why he is the appropriate party to assert her rights. *See*, *e.g.*, *Kowalski v. Tesmer*, 543 U.S. 125, 129-130 (2004); *Barrows v. Jackson*, 346 U.S. 249, 258 (1953).

### Conclusion

Based on the foregoing, the Report and Recommendation, filed by the United States Magistrate on June 5, 2007, (Doc. No. 12), is **ADOPTED in part and MODIFIED in part**. Plaintiff's Application to Proceed Without Prepayment of Fees, (Doc. No. 11), is **DENIED without prejudice**. Plaintiff's Amended Complaint, (Doc. No. 10), is **DISMISSED without prejudice**. Plaintiff shall have ten (10) days from the date of this Order to submit a Second Amended Complaint which comports with this Order. No further extensions of time or amendment of pleadings will be allowed by the Court. Failure to comply with this order will result in dismissal of this case with prejudice and without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this sixth day of September, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Parties