# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DWIGHT R. MCDOWELL,**

          **Plaintiff,**

-vs-                                        **Case No. 6:07-cv-838-Orl-19KRS**

**ALBERTO E. LUGO-JANER,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **3rd PETITION – APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. No. 18)** |
| **FILED:** | **December 26, 2007** |

    Plaintiff Dwight R. McDowell again seeks permission to proceed *in forma pauperis* based upon the filing of a second amended complaint, doc. no. 15. Both the undersigned and the presiding district judge have previously addressed the insufficiency of allegations of the original and amended complaints to establish whether this Court may exercise jurisdiction in the matter.[1]

---

[1] The presiding district judge also questioned whether Plaintiff has standing. Plaintiff attached to the Second Amended Complaint a Final Judgment issued in the underlying state action that reflects that he was an intervener in that case and that both Plaintiff and his wife were awarded damages. Doc. No. 15-2.

*See* Doc. Nos. 8, 12 & 14. The Second Amended Complaint does not entirely cure the pleading deficiencies previously noted by the Court.

Specifically, Plaintiff again alleges the basis for diversity jurisdiction being that "Plaintiff is a native from the State of Florida, and Defendant is a native from the foreign country of Puerto-Rico."  Doc. No. 15 at 2-3. As the presiding district judge stated in an order dated September 7, 2007, "Plaintiff's allegation of national origin does not establish diversity jurisdiction under 28 U.S.C. Section 1332 because he has failed to allege that he [is a ] citizen of a state and that the defendant is a citizen of a different state or subject of a foreign state." Doc. No. 14 at 5.

Accordingly, I respectfully recommend that the Application to Proceed Without Prepayment of Fees be **DENIED**, and that the case be **DISMISSED** without prejudice to filing it in the appropriate state court.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 28, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff asks that if this Court cannot exercise jurisdiction, it transfer the case to Florida state court. It is, however, necessary for Plaintiff to file the case in that Court.

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy