UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DWIGHT R. MCDOWELL,

        Plaintiff,

-vs-                                         Case No. 6:07-cv-838-Orl-19KRS

ALBERTO E. LUGO-JANER,

        Defendant.
_____

## ORDER

This case comes before the Court on the following:

1. Third Motion of Plaintiff for Leave to Proceed In Forma Pauperis (Doc. No. 18, filed Dec. 26, 2007);

2. Report and Recommendation of the Magistrate Judge (Doc. No. 19, filed Jan. 28, 2008); and

3. Notice of Plaintiff of Filing Proper Objections to the Report and Recommendation from the Magistrate Judge Honorable Madam Karla R. Spaulding (Doc. No. 20, filed Feb. 5, 2008).

### Background

Plaintiff Dwight R. McDowell has filed a Second Amended Complaint and a Third Motion to Proceed In Forma Pauperis. (Doc. No. 15, filed Sept. 12, 2007; Doc. No. 20.) This Court dismissed Plaintiff's previous two complaints because Plaintiff failed to allege a basis for federal subject matter jurisdiction. (Doc. No. 8, filed May 30, 2007; Doc. No. 14, filed Sept. 7, 2007.) The Court's previous orders instructed Plaintiff that: (1) Florida statutes do not independently create

federal subject matter jurisdiction, and (2) allegations of national origin do not satisfy the requirements of alleging diversity of citizenship under 28 U.S.C. section 1332. (Doc. No. 8 at 2; Doc. No. 14 at 5-6.)

The Magistrate Judge reviewed Plaintiff's Second Amended Complaint and recommended that it be dismissed without prejudice to filing it in the appropriate state court. (Doc. No. 19 at 2.) The Magistrate noted that Plaintiff again alleges that he is a native of Florida and that Defendant is a "native from the foreign country of Puerto-Rico." (*Id.*) Thus, the Magistrate concluded, Plaintiff has still failed to allege the existence of diversity jurisdiction. (*Id.*)

**Standard of Review**

A party seeking to challenge the findings in a Report and Recommendation of the United States Magistrate Judge must file "written objections which specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)). If a party makes a proper objection, the District Court must conduct a *de novo* review of the portions of the report to which objection is made. *Id.* at 783-84. The District Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Id.* at 784.

**Analysis**

Plaintiff's only specific objection to the report is that "this Honorable Court has inherent power to exercise jurisdiction in this case pursuant to the provisions invoked by the UFTA of 1984 and the UFCA of 1918." (Doc. No. 20 at 1.) The Court has previously instructed Plaintiff that these statutes do not provide federal subject matter jurisdiction over this case. The Uniform Fraudulent

Transfer Act ("UFTA") and Uniform Fraudulent Conveyance Act ("UFCA") are statutes enacted by the state of Florida. Although other states have enacted similar or identical statutes, they are not federal statutes and therefore cannot independently provide a basis to assert federal question jurisdiction under 28 U.S.C. section 1331.

Furthermore, the Magistrate Judge correctly concluded that Plaintiff has again failed to allege diversity jurisdiction. (*See* Doc. No. 15, filed Sept. 12, 2007.) Plaintiff states that this court has "Diversity Jurisdiction [because] the parties in this case are citizens of different states and/or countries." (Doc. No. 15 at 1.) However, in the next sentence, Plaintiff states that he "is a native from the State of Florida, and Defendant is a native from the foreign country of Puerto-Rico." (*Id.*)

"When a federal court's jurisdiction is premised upon the diversity of citizenship between the parties, the plaintiff . . . bears the obligation of demonstrating in the complaint that complete diversity exists between the parties." *Matrix Z, LLC v. Landplan Design, Inc.*, 493 F. Supp. 2d 1242, 1245 (S.D. Fla. 2007). This burden must be met by alleging specific facts in support, rather than conclusory allegations. *Id.*; *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007) (conclusory allegation that amount in controversy was sufficient for federal jurisdiction).

Plaintiff was previously instructed that an allegation of national origin does not qualify as an allegation of citizenship within the meaning of 28 U.S.C. section 1332. Rather, Plaintiff must allege that he is a "citizen" of Florida and that the Defendant is a "citizen" of a different state, territory, or foreign country. 28 U.S.C. § 1332(a), (e). Thus, Plaintiff's allegation that Defendant is a "native from the foreign country of Puerto Rico" does not satisfy the diversity of citizenship

requirement.[1]  Furthermore, the case law requires Plaintiff to make allegations of diversity with specificity.  Therefore, Plaintiff's allegation that the parties are citizens of "different states and/or countries" is conclusory, and it does not satisfy this burden.

### Conclusion

The court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Doc. No. 19, filed Jan. 28, 2008).  The Court **DENIES** the Third Motion of Plaintiff for Leave to Proceed In Forma Pauperis (Doc. No. 18, filed Dec. 26, 2007).  This case is **DISMISSED** without prejudice to the filing of the action in the appropriate state court.  The clerk shall close the case file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 13, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Unrepresented Party

---

[1] Puerto Rico is a territory of the United States, not a foreign country.  The Jones-Shafroth Act of 1917 made Puerto Ricans citizens of the United States.  *See* 48 U.S.C. §§ 731, 733.